**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6520**

RUPERT STAMPS,

          Plaintiff - Appellant,

     v.

DETECTIVE PARIS CAPALUPO,

          Defendant - Appellee,

     and

OFFICER LEROY ROLLINS,

          Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Charles B. Day, Magistrate Judge. (8:17-cv-00830-CBD)

Submitted: September 30, 2019          Decided: October 16, 2019

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rupert Stamps, Appellant Pro Se. Edward B. Lattner, OFFICE OF THE COUNTY ATTORNEY, Rockville, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rupert Stamps appeals the magistrate judge's order granting Appellee summary judgment in Stamps' 42 U.S.C. § 1983 (2012) action.\* "We review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Here, the magistrate judge granted summary judgment on three grounds: (1) that Stamps' claim was barred by the doctrine of collateral estoppel, (2) that Stamps' claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and (3) that Stamps' claim was meritless. We conclude that the first two grounds are erroneous. Collateral estoppel does not bar the claim because the Fourth Amendment violations Stamps alleged in his § 1983 complaint were not "actually litigated" in a prior proceeding. *Shader v. Hampton Improvement Ass'n, Inc.*, 115 A.3d 185, 193 (Md. 2015); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980). The *Heck* doctrine also does not bar the claim because, based on the abundance of evidence produced at trial, even if Stamps were successful in his § 1983 claim, the result likely would not render his conviction invalid. *See Heck*, 512 U.S. at 486; *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015).

---

\* The parties consented to proceed before a magistrate judge, pursuant to 28 U.S.C. § 636(c) (2012).

2

Despite these errors, we affirm the magistrate judge's grant of summary judgment because we agree that Stamps' claim is meritless. Stamps was arrested pursuant to a valid warrant, so the seizure of his phone, which was on his person at the time of the arrest, was constitutional. *See Riley v. California*, 573 U.S. 373, 382 (2014). Stamps' phone was then searched pursuant to a valid search warrant, which was also plainly constitutional. Stamps argues on appeal that his phone was searched prior to the issuance of the warrant, but there is no evidence to support this claim.

To the extent Stamps properly challenges the district court's March 15, 2018, dismissal order or raises a claim that *Carpenter v. United States*, 138 S. Ct. 2206 (2018), applies to his case, we affirm for the reasons stated by the district court, *Stamps v. Rollins*, No. 8:17-cv-00830-CBD (D. Md. Mar. 15, 2018), and the magistrate judge, *Stamps v. Rollins*, No. 8:17-cv-00830-CBD (D. Md. Apr. 4, 2019), respectively.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*